UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| THYSSENKRUPP MATERIALS NA, INC. | * | CIVIL ACTION |
| Plaintiff | * | NO. |
| versus | * | |
| M/V VAN STAR, her engines, boilers, | * | SECTION " __ " |
| tackle, etc., *in* rem, and BEAMER | | |
| INVESTMENT CORP., SHOEI KISEN | * | MAG. (_) |
| KAISHA LTD., SK SHIPPING CO., LTD., and | | |
| PORTS AMERICA LOUISIANA, LLC, | * | |
| *in personam* | | |
| Defendant | * | |

\*     \*     \*     \*     \*     \*     \*     \*

## COMPLAINT

TO THE HONORABLE , THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF LOUISIANA:

The Complaint of Thyssenkrupp Materials NA, Inc. against the M/V VAN STAR, her

engines, boilers, tackle, etc., *in rem*, and Beamer Investment Corp., Shoei Kisen Kaisha Ltd., SK

Shipping Co., Ltd., and Ports America Louisiana, LLC, *in personam*, in a cause of cargo loss

and/or damage, civil and maritime, alleges upon information and belief, as follows:

### FIRST CAUSE OF ACTION

1.

Jurisdiction is conferred upon this Court pursuant to the Admiralty and Maritime

Jurisdiction of the United States Courts, 28 U.S.C. §1333 and Art. III of the United States

Constitution.

2.

At all times pertinent hereto, plaintiff Thyssenkrupp Materials NA, Inc. ("Thyssenkrupp") was and now is a corporation duly organized, created and existing pursuant to the laws of one of the States of the United States, and at all times, was the owner and/or consignee of the Cargo described hereinbelow .

3.

At all times pertinent hereto, the M/V VAN STAR was a general ship engaged in common carriage of cargo by water for hire, and is now or will be during the pendency of process hereunder within this district and within the jurisdiction of this Honorable Court.

4.

At all times pertinent hereto, defendant Beamer Investment Corp. ("Beamer") was and still is a foreign corporation or other legal entity organized, created and existing pursuant to the laws of some foreign country or countries, owning and/or operating and/or chartering vessels engaged in common carriage of cargo, including the cargo described hereinbelow, as common carrier on the high seas for hire and was at all times pertinent hereto the owner and/or operator and/or charterer of the M/V VAN STAR.

5.

At all times pertinent hereto, defendant Shoei Kisen Kaisha Ltd. ("Shoei KK") was and still is a foreign corporation or other legal entity organized, created and existing pursuant to the laws of some foreign country or countries, managing and/or operating vessels engaged in common carriage of cargo including the M/V VAN STAR.

6.

At all times pertinent hereto, defendant SK Shipping Co., Ltd. ("SK Shipping") was and still is a foreign corporation or other legal entity organized, created and existing pursuant to the laws of some foreign country or countries, owning and/or operating and/or chartering vessels engaged in common carriage of cargo, including the cargo described hereinbelow, as common carrier on the high seas for hire and was at all times pertinent hereto the owner and/or operator and/or charterer of the M/V VAN STAR.

7.

At all times pertinent hereto, defendant Ports America Louisiana, LLC ("Ports America") was and still is a limited liability company organized, created and existing pursuant to the laws of one of the States of the United States with a principal place of business located in New Orleans, Louisiana, and which at all time pertinent hereto was engaged in the business of providing marine terminal handling and stevedoring services including with respect to the Cargo described hereinbelow.

8.

On or about October 8, 2018, there was delivered to Beamer, Shoei KK, SK Shipping, and the M/V VAN STAR, at the Port of Phu My, Vietnam, a cargo of thirty-five (35) cold rolled steel sheet in coils (the "Cargo"), in good order and condition, for carriage on board the M/V VAN STAR to the Port of New Orleans, all in consideration of an agreed freight and in accordance with the terms of one or more bills of lading including, but not necessarily limited to bill(s) of lading No(s). SKSMPMNL84901902, which bill(s) of lading was/were then and there signed and delivered to the shipper of said cargo by the duly authorized agent, representative and/or employee of defendant and the M/V VAN STAR.   Upon arrival in New Orleans, the

Cargo was scheduled to be transloaded from the vessel for further transit via in-land barge to the Emesco Marine Terminal located in Chicago, Illinois.

9.

Thereafter, defendants loaded the Cargo on board the M/V VAN STAR and the vessel, having the Cargo on board, sailed from the above-mentioned port of shipment and subsequently arrived at the Port of New Orleans, where the vessel and defendants transloaded the Cargo from the M/V VAN STAR into barges for inland transit.

10.

Upon the Cargo's arrival in New Orleans, the Cargo was determined to be damaged and not in the same good order and condition as when delivered to the defendants at the Port of Vungtau, Vietnam with said damages resulting from the fault, negligence and/or breach of contract of the defendants and/or those for whom they are responsible.

11.

The damage to the Cargo aboard the M/V VAN STAR, as described in the preceding paragraphs, was caused, in whole or in part, by the unseaworthiness of the M/V VAN STAR and/or by the fault and negligence of defendants and/or those for whom it is responsible, all of which was in breach of the obligations of defendants under the governing contract(s) of afreightment and/or under the Carriage of Goods by Sea Act and/or some other governing scheme of liability.

12.

Prior to commencement of this action, plaintiff became the owner of the Cargo described above and the covering bills of lading.

-4-

13.

Plaintiff and its predecessors in title have performed all of the conditions precedent on its part to be performed under the terms of the aforesaid bills of lading.

14.

This action is brought on behalf of plaintiff and on behalf of all parties who may become interested in the aforesaid damage and loss to the shipment of Cargo as their respective interests may ultimately appear.

15.

By reason of the premises, plaintiff has sustained a loss in the sum currently estimated in the amount of $141,369.97 plus surveying fees, expenses and costs, no part of which has been paid, although duly demanded.

16.

By reason of the foregoing, Thyssenkrupp has a maritime lien against the M/V VAN STAR, her engines, boilers, tackle, etc., for the aforesaid damage and loss in the aggregate sum of $141,369.97, plus survey fees and expenses, with interest thereon and their costs and disbursements.  Plaintiff is entitled to be paid by preference and priority from the sale of said vessel.

17.

The abovedescribed damages to the Cargo were not caused by any act and/or omission of the plaintiff.

18.

This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure for the United States District Courts.

## SECOND CAUSE OF ACTION

### 19.

Plaintiff reiterates and re-avers the allegations of Paragraphs 1 through 18 of this Complaint.

### 20.

The abovedescribed damage to the Cargo was caused, in whole or in part, by the fault, negligence, breach of contract, breach of express and implied warranty, and/or failure to perform in a workmanlike manner on the part of Ports America and/or those for whom it is responsible in the following non-exclusive respects:

A.     Ports America did not handle, discharge, stow and/or transload the Cargo in a proper and safe manner;

B.     Ports America did not use proper equipment and manpower to properly and safely handle, discharge, stow and/or transload the Cargo;

C.     Ports America's stevedoring personnel were inexperienced and/or otherwise unfit to operate the machinery and equipment to properly and safely handle, discharge, stow and/or transload the Cargo; and

D.     Any other acts of negligence, want of due care and/or fault which will be shown at the trial of this matter.

## AS TO ALL CAUSES OF ACTION

### 21.

Thyssenkrupp reserves the right to assert additional allegations of fault and negligence during the course of this litigation as more facts become available.

22.

All and singular the matters aforesaid are true and correct.

WHEREFORE, Thyssenkrupp Materials NA, Inc. prays:

1.   That the Clerk of Court issue a warrant for the arrest and seizure of the M/V VAN STAR, her engines, boilers, tackle, etc., and that all persons claiming any right, title or interest in the said vessel may be summoned to appear and to answer on oath all and singular the matters aforesaid, and that said vessel be condemned and sold to pay the demands as aforesaid, with interest, costs and disbursements;

2.   That defendants Beamer Investment Corp., Shoei Kisen Kaisha Ltd., SK Shipping Co., Ltd., and Ports America Louisiana, LLC, be served with copies of this Complaint, together with summonses to appear and answer under oath all and singular the matters aforesaid;

3.   That the Court will order, adjudge and decree that defendants Beamer Investment Corp., Shoei Kisen Kaisha Ltd., SK Shipping Co., Ltd., and Ports America Louisiana, LLC and the M/V VAN STAR, pay to Thyssenkrupp Materials NA, Inc. the losses sustained by it, together with interest thereon and its costs and disbursements; and

4.      That Thyssenkrupp Materials NA, Inc. have such other and further relief in the premises as in law and justice it may be entitled to receive.

Respectfully submitted,

GORDON, ARATA, MONTGOMERY,
BARNETT, McCOLLAM, DUPLANTIS &
EAGAN, LLC

_____/s/ Philip S. Brooks, Jr._____
PHILIP S. BROOKS, JR., T.A. (LA #21501)
RONALD J. KITTO (LA #28638)
201 St. Charles Ave.  40th Floor
New Orleans, LA 70170
Telephone:     (504) 582-1111
Facsimile:      (504) 582-1121
E-mail:          pbrooks@gamb.law
                     rkitto@gamb.law

*Attorneys for Plaintiff, Thyssenkrupp Materials NA, Inc.*

SERVICE BY WAIVER:

Ports America Louisiana, L.L.C.
Through its agent for service,
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, LA 70802

Shoei Kisen KK
4-52, Koura-cho 1-chome
Imabari-shi
Ehime-ken, 799-2111
Japan

-8-

SK Shipping Co., Ltd.
21st Fl., 416, Hangang-daero, Jung-gu,
Seoul, Republic of Korea
C.P.O Box 2732

Beamer Investment Corp.
c/o Shoei Kisen KK
4-52, Kora-cho 1-chome
Imabari-shi
Ehime-ken, 799-2111
Japan


PLEASE WITHHOLD *IN REM* SEIZURE PENDING FURTHER NOTIFICATION FROM
COUNSEL FOR PLAINTIFF.

## AFFIDAVIT

STATE OF LOUISIANA

PARISH OF ORLEANS

 BEFORE ME, the undersigned authority, personally came and appeared:

PHILIP S. BROOKS, JR.

who deposed and said that he is a partner in the firm of Gordon, Arata, Montgomery, Barnett, McCollam, Duplantis & Eagan, LLC, attorneys for plaintiff herein; that he has read the foregoing Complaint and knows the contents thereof, and that the same are true to the best of his knowledge and belief; that the sources of his knowledge and the grounds for his belief are various documents furnished to him by plaintiff; that the reason this verification is made by deponent and not by plaintiff is that plaintiff is a corporation no officers of which are now within this district.

_____
PHILIP S. BROOKS, JR.

Sworn to and subscribed before me,
this 27 day of November , 2019.

_____
NOTARY PUBLIC

KELLY DUSSEL PERRIER
NOTARY PUBLIC
PARISH OF ORLEANS, STATE OF LA.
MY COMMISSION IS ISSUED FOR LIFE.
BAR ROLL NO. 32634

-10-